IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MARILYN TAYLOR, :
:
      Plaintiff :
:
VS. :
: **3 : 07-CV-76 (CDL)**
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
      Defendant. :

**R4ECOMMENDATION**

The plaintiff herein filed this Social Security appeal on July 16, 2007, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed her application for Supplemental Security Income benefits in February 2002, alleging disability since July 1,1996, due to a mental condition, leg problems, and lack of vision in her right eye. Her application was denied throughout the administrative level, and following a hearing on April 7, 2003, the ALJ denied her claim. This decision was remanded by the Appeals Council on August 27, 2004, with a consolidation of the claimant's subsequent application and an order for further proceedings. A second hearing was held before an ALJ on December 14, 2004, and the ALJ issued a second decision denying the plaintiff's claim on May 18, 2005. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ erred in not considering whether her Post Traumatic Stress Disorder and other anxiety disorder met the listing 12.06, that the ALJ erred in failing to find the claimant disabled under the listings based on the combination of her impairments, and that the ALJ erred in finding that the

claimant could return to her past relevant work, given that the record established plaintiff's frequent crying spells that could preclude work.

At the time of the December 2004, hearing before the ALJ, the plaintiff was forty-four (44) years of age, with past relevant work experience as a hotel housekeeper. The plaintiff completed the tenth grade and was last employed in July 2002. Plaintiff asserts that she began experiencing declines in her mental health in 1987, suffering nervousness, anxiety attacks and depression.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Listings*

In order to establish that his impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

The plaintiff argues that she suffers in part from Post Traumatic Stress Disorder, that her impairments meet or equal Listing 12.06, that the combination of her impairments meets Listing 12.04, and that it was error for the ALJ to find that these listings had not been met or equaled.

Listing 12.06 pertains to Anxiety Related Disorders and provides that:

> [t]he required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
>
> **A**. Medically documented findings of at least one of the following:
>
> 1. Generalized persistent anxiety accompanied by three out of four of the following signs and symptoms:
> a. Motor tension; or
> b. Autonomic hyperactivity; or
> c. Apprehensive expectation; or
> d. Vigilance and scanning; or
> 2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
> 3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or
> 4. Recurrent obsessions or compulsions which are a source of

marked distress; or
5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

**AND**

**B**. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

**OR**

**C.** Resulting in complete inability to function independently outside the area of one's home.

The plaintiff maintains that her condition meets this listing in that "the record is replete with references to Ms. Taylor having unpredictable crying spells caused by remembering her childhood sexual abuse" and she has experienced marked difficulties in activities of daily living, maintaining social functioning and maintaining concentration. Plaintiff's brief at 12, 13.

The Commissioner argues that the plaintiff has failed to establish that her impairment meets all of the requirements of Listing 12.06, pointing out that neither state agency psychologists examining the evidence of record nor the consultative psychological examiner diagnosed the plaintiff as suffering from any anxiety disorder. The Commissioner further maintains that plaintiff's condition does not satisfy either section "A" or "B" of Listing 12.06.

A review of the plaintiff's medical records herein reveals that at the very least her impairment does not satisfy section "A" of Listing 12.06 and therefore fails to satisfy this listing. Although the plaintiff asserts that she has frequent crying spells caused by memories of her past sexual abuse, her medical records and statements underlying her application for disability benefits

4

only show that she has frequent crying spells, described by the plaintiff and others as occurring "for no reason". In order to satisfy Listing 12.06 (A)(5), the plaintiff must present "[m]edically documented findings" of "[r]ecurrent and intrusive recollections of a traumatic experience, which are a source of marked distress". The record does not contain such medically document findings that plaintiff's frequent crying spells are based on or triggered by recollections of her past sexual abuse. Thus, the ALJ's failure to find that plaintiff's impairment met or equaled Listing 12.06 was not error.

The plaintiff also maintains that the ALJ erred in failing to find that the combination of her impairments met or equaled Listing 12.04, Affective Disorders. The plaintiff appears to maintain that the combination of her arthritis/knee pain, Post-Traumatic Stress Disorder, and depression meet or equal Listing 12.04. "Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." Jones v. Dep't. Of Health and Human Serv., 941 F.2d 1529, 1533 (11th Cir. 1991). However, the ALJ stated that "the medical evidence established that the claimant has severe depression and an anxiety disorder, but does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4." R. at 21. This evidences consideration by the ALJ of the combined effect of the claimant's alleged impairments. See Jones, 941 F.2d at 1533.

*Past relevant work and residual functional capacity*

Finally, the plaintiff argues that it was error to find that she was capable of returning to her former work and/or capable of performing other work in the national economy, in that this finding ignored her "frequent, unpredictable, and uncontrollable crying spells". The Commissioner argues that the medical evidence does not support plaintiff's contention that she has frequent crying

spells, showing that she cried at most two (2) times per week and was composed at most of her therapy sessions.

A review of the objective medical record reveals that the ALJ's determination that the plaintiff could return to her past relevant work was supported by substantial evidence and that medical evidence did not support the plaintiff's contention of frequent, debilitating crying spells. Moreover, the consultative psychological examiner found that plaintiff was able to return to her past relevant work, as she was able to understand and carry out simple instructions, maintained her ability to get along with co-workers, supervisors and the public, and was able to follow work routines.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of June, 2008.

    /s/ *__Richard L. Hodge__*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE